### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LLOYD NEIL POPE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1332-F |
| | ) | |
| HOLLY WIEDOW, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of conditions of his confinement at the Lawton Correctional Facility ("LCF"), a private prison. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with the undersigned's order and with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), a Special Report has been filed by LCF [Doc. No. 21]. Defendants have moved to dismiss or alternatively for summary judgment [Doc. No. 18]. Plaintiff has responded[1] with an Objection to Special Report [Doc. No. 30] and an Objection to Defendants Motion to Dismiss [Doc. No. 27]. For the reasons set forth hereafter, the undersigned recommends that Defendants' motion for summary judgment be granted and that judgment be entered in favor of Defendants based on Plaintiff's failure to exhaust his administrative remedies before filing his lawsuit.

---

[1]Throughout this Report and Recommendation, all spelling and punctuation has been reproduced as submitted in the parties' motions, briefs, and exhibits unless otherwise indicated.

## I. **Plaintiff's Claims**

Plaintiff names three Defendants: Holly Wiedow, a nurse formerly employed at LCF; Dr. Edwin Carns, a physician at LCF; and Melissa Halvorson, the Health Services Administrator at LCF. Special Report, pp. 1-3. Defendants Carns and Halvorson are current employees of The GEO Group, Inc., the company which operates LCF under a contract with the Oklahoma Department of Corrections ("DOC"). *Id.,* p. 3. Plaintiff identifies two counts in his complaint.[2] In Count 1, he asserts that Defendant Wiedow interfered with his duties as a caretaker by preventing him from assisting his "cell partner" who was being assaulted by an unidentified correctional officer. Complaint, p. 3 and Brief attached. In Count 2, Plaintiff alleges that Dr. Carns "stopped Plaintiff's non-poultry diet without doing any alergy tests, or doing an ulcer test." Complaint, p. 3.

As relief, Plaintiff requests $1.5 million dollars from each Defendant, immediate release, and a Governor's pardon.[3] Complaint, p. 5.

## II. **Standard of Review**

---

[2]In the Nature of the Case section of his Complaint Plaintiff maintains that Defendant Wiedow was "evesdroping on confidential phsych appointment, breaching doctor/patitient confidentiality[]" and that "Mrs. Halverson, Lawton, Oklahoma, medical Director Is charged with medical malpractice and indifference." Complaint, p. 2 and unnumbered page between pages 1 and 2. These complaints are not set forth as "counts" or causes of action and have not been construed to be separate claims; in any event, there is no evidence that Plaintiff made any effort to exhaust such issues.

[3]Neither release from custody nor a Governor's pardon are available in a § 1983 civil rights action; rather, such relief is appropriate only in a habeas corpus action challenging the fact or duration of confinement. *See Reed v. McKune*, 298 F.3d 946, 953 (10th Cir. 2002).

Defendants have raised the affirmative defense of Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and have attached materials outside the pleadings in support of their affirmative defense. *See Jones v. Bock*, 549 U.S. 199, (2007)(failure to exhaust administrative remedies is an affirmative defense in prisoner civil rights cases). Accordingly, with respect to the issue of exhaustion of administrative remedies, the Defendants' motion alternatively seeking dismissal of the action or summary judgment has been considered as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A factual dispute is "genuine" only if the evidence and the inferences drawn therefrom, when viewed in the light most favorable to the nonmoving party, are "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And, while a pro se plaintiff's complaint is liberally construed, a pro se plaintiff must adhere to the same rules of procedure which are binding on all litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Thus, strict adherence by a *pro se* plaintiff to the requirements of Fed. R. Civ. P. 56 is required. With respect to those requirements, the Supreme Court has determined that:

> the plain language of Rule 56(c) mandates the entry of summary judgment,

after adequate time for discovery and upon motion,, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex,* 477 U.S. at 322-23.

When an affirmative defense is raised in a motion for summary judgment, the defendant must demonstrate that "no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Id.* "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.* "Material facts" are "facts which might affect the outcome of the suit under the governing law." *Id.* A Special Report[4] is treated as an affidavit, and the plaintiff's complaint is treated as an affidavit as well if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

### III. Exhaustion of Administrative Remedies

The PLRA directs that: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

---

[4]In *Martinez v. Arron*, 570 F.3d 317 (10th Cir. 1978), the Tenth Circuit Court of Appeals established guidelines for the filing of a Special Report by the appropriate prison or jail authorities setting forth the factual background and subject matter of prisoners' civil rights complaints.

prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In construing this legislation, the United States Supreme Court has determined that "exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. A prisoner properly exhausts administrative remedies by completing the administrative review process established by the prison grievance system. *Id*. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Moreover, "[t]o exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).

Defendants contend, and Plaintiff does not argue otherwise, that prior to initiating this lawsuit, Plaintiff was required to exhaust his administrative remedies pursuant to the well-established, multi-step DOC grievance procedures, OP-090124. Motion for Summary Judgment at 4; Special Report, Ex. 9 (DOC Policy No. OP-090124, "Inmate/Offender Grievance Process"). This process requires an initial, informal attempt to resolve a complaint by talking with the case manager, supervising employee or other appropriate staff. *Id.* DOC Policy No. OP-090124, IV(A). If the matter remains unresolved, the inmate must then

submit a written "Request to Staff," briefly but specifically describing his complaint. *Id.* at IV(B)(1). If the inmate does not receive a response within thirty days of submission, the inmate may file a grievance to the facility's reviewing authority – here, the warden – along with evidence of submitting the Request to Staff to the proper staff member. This grievance may only assert the issue of the lack of response to the Request to Staff. *Id.* at IV(B)(7). Should the inmate receive an unsatisfactory response to the Request to Staff, the inmate's next step is submission of an "Inmate /Offender Grievance Report Form" to the facility's reviewing authority. *Id.* at V(A). If the inmate does not receive a response to the grievance within thirty days of submission, the inmate may send a grievance to DOC's administrative review authority or chief medical officer with evidence of submitting the grievance to the proper reviewing authority, asserting only that the grievance was not answered. *Id.* at V(C)(4). An unfavorable response to a grievance may be appealed to the administrative review authority or chief medical officer, as appropriate. *Id.* at VII(B). The appeal must include copies of the Request to Staff and the grievance and the responses to both. *Id.* The ultimate ruling of the administrative review authority or chief medical officer concludes the administrative process available to an inmate through the DOC. *Id.* at VII(D).

In support of their contention that Plaintiff has failed to exhaust his claims, Defendants have submitted three affidavits - two from Debbie L. Morton, Manager of the Administrative Review Unit for DOC and one from Ralph Ford, Grievance/Appeal

Coordinator at LCF.[5]  Special Report, Exs. 4, 7, and 8.  The affidavit of Ms. Morton dated September 3, 2008, establishes that a search of the LCF offender grievance records revealed that Plaintiff "has not submitted any type of grievance correspondence to this office regarding a non-poultry diet or care taking."  *Id.*, Ex. 8.  In an earlier affidavit dated May 9, 2008, Ms. Morton acknowledged that Plaintiff "did send correspondence to ARA (administrative review authority) regarding food and staff[,]" but, according to Ms. Morton, such "correspondence was returned to him unanswered because it was not properly filed and inappropriate language and threats was utilized in filing his correspondence."  *Id.*

A copy of the referenced correspondence, addressed to Ms. Morton and indicating receipt by DOC on November 13, 2007, is included as an exhibit to the Special Report as is the DOC's response which advised Plaintiff that his correspondence was returned because "[l]etters that contain this type of language are not acceptable."  Special Report, Exs. 5 and 6.  In this letter, Plaintiff's complaints about food and staff consist of the following: "there is at least 35 lawsuit against this facility not only about the way c/o's like to use force against the inmate by assaulting the inmate but the crappy food they serve here.  I am a nonpoultry and that is all this place serves. . . ."  Special Report, Ex. 5.  Plaintiff also asserts that he is not guilty of the "damn charge" he is in prison for, that the facility has taken all of his good

---

[5]In addition, the undersigned has taken judicial notice of the affidavit of Mr. Ford filed in a similar action in this court brought by Plaintiff.  *See Pope v. Miller*, Civ-07-1333 F, Special Report, [Doc. No. 46], Ex. 3.  In that affidavit, dated April 1, 2008, Mr. Ford avers, after having reviewed Plaintiff's institutional records, that the last grievance filed by Plaintiff was dated August 21, 2006, and referenced being charged $2.00 for medical services.  *Id.*  Thus, such affidavit supports the conclusion that Plaintiff has not exhausted his claim of interference with his duties as a caretaker which he alleges occurred in August of 2007.  *See* Complaint at 3.

time, and that Ms. Morton has "been helping these bastards." *Id.* Plaintiff was advised that "[a]ny future submissions of letters containing this type of language will result in appropriate action taken to address your inappropriate behavior." *Id.,* Ex. 6.

Based on this evidence, the undersigned finds that Defendants have established that Plaintiff did not file a proper grievance on either of the two issues raised in his complaint as mandated by the facility's grievance process. Defendants have therefore met their initial burden of demonstrating that no disputed material fact exists regarding their affirmative defense of failure to exhaust. Accordingly, Plaintiff must "demonstrate with specificity the existence of a disputed material fact." *Hutchison*, 105 F.3d. at 564.

In his unverified "Objection to Defendants Motion to Dismissal" [Doc. No. 27] Plaintiff asserts that "[a]s to my non-poultry diet I can show proof that I have submitted several request and medical requests on this issue." *Id.* at 2. As to why he has not shown "proof" of such requests, Plaintiff only states that he would "list the page number of the complaint if I had one the refere to."[6] *Id.* The undersigned notes that in response to the query on the form complaint concerning his exhaustion of administrative remedies, Plaintiff asserts that he "sent several requests to staffs and medical request to find out what is going on with the treatment and to improve conditions but got no answers. Greavences come back warning continued abuse of the Greavence prosses will result in sanctions being imposed,

---

[6]Plaintiff claims that he sent his copy of the complaint out "a month ago to be copied[]" by the law library and it has not been returned." Objection to Defendants' Motion to Dismiss at 1-2.

or they come back unanswered." Complaint at 5. In his Objection to Defendants' Motion to Dismiss Plaintiff also asserts:

> [E]verything I do in this Prison System starts and ends with a Request to Staff, and when the Facility does not answer the written Request's nor answers the grievances what is there left to do But go to court. . . . The main reason that there is no record of my grievances is because they were not loged in By the Law Library Supervisor and forwarded to the proper Review Authority.

*Id*. at 1.

However, Plaintiff provides no information in either his Complaint or his response to Defendants' motion regarding the specific issues presented in the alleged grievances or the dates the alleged grievances were submitted. And his allegations regarding the general mishandling of such unspecified Requests to Staff and grievances are insufficient to demonstrate with the required specificity the existence of a disputed material fact in opposition to Defendants' affirmative defense of failure to exhaust as to the claims he raises in his complaint. Plaintiff provides no evidentiary support, other than his own bald assertions, for his claim that he submitted grievances to the law library supervisor. His speculation that the grievances were not "loged in by the Law Library Supervisor and forwarded to the proper review Authority []" is not sufficient to defeat Defendants' Motion for Summary Judgment. *See Rice v. United States*, 166 F.3d 1088, 1091-92 (10th Cir. 1999)(evidence must be based on more than mere speculation, conjecture, or surmise to defeat motion for summary judgment).

Even if Plaintiff could show that he submitted grievances that were not responded to by LCF officials, he has not shown that he followed the process required by the DOC's

grievance policy with respect to grieving a failure to respond to his grievances. And to the extent Plaintiff claims that following the administrative grievance procedure would be useless because he had been warned not to abuse the process, such claim does not excuse the exhaustion requirement. *Jernigan*, 304 F.3d at 1032 ("Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available."). Thus, Plaintiff has not shown that the grievance process was unavailable to him.

The undersigned finds that the undisputed material facts show that Plaintiff has failed to exhaust his administrative remedies as to the claims raised in his complaint. There is no evidence in the record that Plaintiff made any attempt to exhaust administrative remedies with respect to his claim of interference with his duties as a caretaker, nor is there evidence in the record that he completed the grievance procedure by filing a proper grievance as to the poultry diet issue. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Id*.

Accordingly, Defendants' Motion for Summary Judgment should be granted on grounds that Plaintiff has failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).[7]

---

[7]Based on the recommended dismissal of Plaintiff's claims for failure to exhaust administrative remedies, the Court has not addressed Defendants' alternative arguments that Plaintiff has failed to allege facts sufficient to demonstrate Defendant Halvorson's personal participation in the alleged violation of Plaintiff's constitutional rights and that his claims fail to state a claim upon
(continued...)

**RECOMMENDATION**

It is the recommendation of the undersigned Magistrate Judge, based on Plaintiff's failure to exhaust all available administrative remedies prior to filing this action, that Defendants' alternative motion for summary judgment [Doc. No. 18] be granted. It is further recommended that Plaintiff's Motion for Order [Doc. No. 31] be denied as moot. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by the 16th day of October, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

IT IS SO ORDERED this 25th day of September, 2009.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

$^{7}$(...continued)
which relief can be granted.